**Roscoe Joseph HARRIS, No. 39944, Plaintiff,**

v.

**Howard YEAGER, Principal Keeper, New Jersey State Prison, Trenton, New Jersey, Defendant.**

**Civ. A. No. 516–68.**

United States District Court
D. New Jersey.

Nov. 6, 1968.

Roscoe Joseph Harris, pro se.

Arthur J. Sills, Atty. Gen., of New Jersey, by Eugene T. Urbaniak, Deputy Atty. Gen., for defendant.

### MEMORANDUM AND ORDER

COHEN, District Judge:

Cross motions, supported by affidavits and memoranda, are here presented for summary judgment. From the undisputed record, it appears that the plaintiff Roscoe, Joseph Harris, an inmate of the New Jersey State Prison, alleges violation of the Civil Rights Act of 1964, 42 U.S.C. § 1983,[1] and 28 U.S.C. § 1343,[2] in that the administrative policy of the prison provides for the withholding of 20¢ on the dollar of an inmate's monthly earnings until the sum of $10.00 has been accumulated, which moneys are deposited in a savings account for the benefit of the inmate and returned to him at the time of his release or discharge from the institution. Plaintiff complains that the pursuit of this administrative policy, during the more than six year period of his existing confinement, has deprived him of the interest and use of his own money without his consent and in violation of his civil rights. Accordingly, he seeks a restraining order enjoining the aforesaid practice and he demands damages in the amount of $600,000.00.

The defendant, Howard Yeager, as Principal Keeper of the New Jersey State Prison, is required by law to safely keep inmates thereof, until lawfully discharged, according to the rules and regulations of such correctional institution. R. S. 30:4–6, N.J.S.A. Additionally, the Principal Keeper is required by the same statute to exercise responsible custody and control of every person, indigent or otherwise, admitted to his institution and to provide for their well-being until properly discharged. Furthermore, he is legally required to see that capable inmates are engaged in productive occupations at such compensation, whether by way of cash or remission of time from sentence, or both, as shall be determined by the State Board of Control of Institutions and Agencies. R.S. 30:4–92, N.J.S.A.

Pursuant to such legislative and administrative requirements imposed upon him, the defendant executed the financial practice now challenged. It is undisputed that, since the filing of the complaint, and for reasons best known to the Board but not here pertinent, the practice in question has been discontinued

---

1. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." R.S. § 1979, 42 U.S.C. § 1983.

2. "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: * * * (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by an Act of Congress providing for equal rights of citizens or all persons within the jurisdiction of the United States; (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote." 28 U.S.C. § 1343.

by a resolution of the State Prison Board of Managers, effective October 1, 1968, and that notices thereof were posted throughout the State Prison Complex on September 27, 1968, advising the prison population that compulsory savings of an aggregate of $10.00 were being discontinued; and further, that moneys in such savings accounts would be credited to the spending accounts of the respective inmates.

■ The administrative practice having been discontinued, the judicial restraint aspect of the complaint has been rendered moot. However, there remains the question of whether plaintiff's *civil rights* have been violated and, if so, the extent of money damages, if any.

The New Jersey Legislature has provided for the payment of compensation to productive inmates of state institutions. R.S. 30:4-92, N.J.S.A. provides:

"The inmates of all correctional and charitable, hospital, relief and training institutions within the jurisdiction of the State Board shall be employed in such productive occupations as are consistent with their health, strength and mental capacity and shall receive such compensation therefor as the State Board shall determine. (State Board refers to State Board of Control of Institutions and Agencies.) (Parentheses supplied.)

"Compensation for inmates of correctional institutions *may be in the form of* cash or remission of time from sentence or both. Such remission from the time of sentence shall not exceed 1 day for each 5 days of productive occupation, but remission granted under this section shall in no way affect deductions for good behavior or provided by law. (Emphasis supplied.)

" * * * *"

Pursuant to that authority, and prior to the discontinuance of the practice here challenged, the State Board fixed the amount of money to be paid to plaintiff, among others, and withheld 20¢ on the dollar from plaintiff's monthly moneys until the amount aggregated $10.00 as a savings for the inmate to be turned over to him upon release or discharge. Since the institution of this action, plaintiff's savings have been credited to his spending account. However, whether his rights prior thereto were violated to his damage requires determination.

While the amount of money involved is comparatively trifling, the principle is not. For such sums can be relatively substantial to a person who has little or no financial resources. Therefore, while this matter prompts consideration of the maxim *de minimus non curat lex*, i. e. the law cannot concern itself with trifles, 12 Words and Phrases, p. 41, we will look rather to the question of whether the plaintiff was unlawfully deprived of the immediate use of the funds or interest thereon during the time in question in violation of the Civil Rights Act, supra.

The moneys under consideration are not wages in a realistic economic employer-employee relationship. They are, rather, a gratuitous payment authorized by the State of New Jersey and made by virtue of an administrative policy prompted and advanced in the best interests of penology and sociology.[3] The plaintiff has no inherent legal right to the payment of this gratuity, nor to determine its form or amount. The State Board has been given full power and authority, in the area of internal prison management, to engage healthy and capable inmates in productive occupations and to provide, in its best judgment, compensation therefor, be it cash or remission of time from sentence, or both. In the exercise of this statutory choice, the Board may establish a policy determining how, when, and if cash be selected, the amount, time and method of payment. The Board may, in its discretion and in the best interest of inmates, reasonably

3. In some state and county institutions, such as hospitals, small sums are awarded to the credit of inmates for "creature comfort expenses" without any participation in productive occupations by the recipients.

impose an enforced savings of a comparatively nominal amount to await the inmate's release or discharge from the institution.

In conclusion, it is the holding of this Court that the complaint fails to demonstrate the existence of any legal right of the plaintiff to the use of, or interest on, any prior enforced savings from the funds in question, which right has been violated under the Civil Rights Act, supra. Nor, can we perceive any damages, in regard to his alleged inconvenience, which he speculates to be in the amount of $600,000.00. Considered in a light most favorable to the plaintiff, his alleged inconvenience or loss was without injury in the legal sense—it was without such breach of duty as is redressible by an action at law. In such a situation the maxim *damnum absque injuria* is applicable.

Accordingly, the defendant's motion for summary judgment dismissing the complaint shall be granted; the plaintiff's motion for summary judgment shall be denied.