**John Louis MERTZ, Appellant,**

v.

**Warren PINTO, Former Superintendent of the New Jersey State Prison Farm, et al.**

**No. 71-1443.**

United States Court of Appeals, Third Circuit.

Submitted March 10, 1972.

Decided May 1, 1972.

John Louis Mertz, in pro. per.

George F. Kugler, Jr., Joseph T. Maloney, Trenton, N. J., for appellees.

Before McLAUGHLIN, VAN DUSEN and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Plaintiff, a New Jersey prisoner, appeals from a district court order granting the motion to dismiss, filed by defendant officials of the Rahway, New Jersey, State Prison, his civil rights action.[1] After careful consideration of the record and the briefs of counsel, we have concluded that the district court should be affirmed for the reasons stated in the opinion of Judge Whipple.

There can be no recovery under the Civil Rights Act for injuries resulting from plaintiff's September 1967 fall.[2] See Gittlemacker v. Prasse, 428 F.2d 1, 6 (3d Cir. 1970); Kent v. Prasse, 265 F. Supp. 673, 675 (W.D.Pa.1967), aff'd, 385 F.2d 406, 407 (3d Cir. 1967). Also, the record, including the complaint,[3] does not support the contention of plaintiff that he has been "arbitrarily and capriciously" denied the equal opportunity to earn full-minimum time credits off his sentence due to his assignment as a porter. See Harris v. Yeager, 291 F.Supp. 1015, 1017-1018 (D.N.J.1968), aff'd, 410 F.2d 1376 (3d Cir. 1969).[4]

Affirmed.

---

1. The district court order also denied plaintiff's motion for summary judgment and resulted from a five-page opinion of April 5, 1971 (Document 16, Civil No. 1012-70, D.N.J.), 343 F.Supp. 374.

2. We note that the plaintiff has filed no counter-affidavit challenging the allega-fidavit (Document 11, Civil No. 1012-70,

D.N.J.), that "at the time of the accident the machine [meat grinder] was not operating."

3. See Negrich v. Hohn, 379 F.2d 213, 215 (3d Cir. 1967).

4. See, also, cases cited at top of page 4 (including note 3) of the district court opinion mentioned above at note 1.