**Thomas TALIFERRO, Appellant,**

v.

**NEW JERSEY PAROLE BOARD.**

**No. 71–1247.**

United States Court of Appeals,
Third Circuit.

Submitted April 10, 1972.

Decided May 17, 1972.

---

Thomas Taliferro, pro se.

George F. Kugler, Jr., Joseph T. Maloney, Trenton, N. J., for appellee.

Before HASTIE, VAN DUSEN and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

In this appeal from a district court order of February 3, 1971, granting defendant's motion to dismiss the complaint for failure to state a claim,[1] an

---

1. In granting the motion, the district court stated:

"[T]he complaint fails to state a claim against defendant upon which relief can be granted and . . . said complaint fails to set forth any constitutional or other legal violation which would give rise to a cause of action under 28 U.S. C.A. § 1343, the Civil Rights Act. . . ." Although plaintiff filed on 12/7/70 a motion to amend the complaint to add the

inmate of a New Jersey state prison alleged an abridgement of his Fourteenth Amendment due process rights by the denial of his application for parole without a statement of reasons for that denial. See 42 U.S.C. § 1983 and 28 U.S.C. § 1343.[2] Petitioner also claimed a violation of his equal protection rights in that parole was allegedly granted to other inmates with similar records.

■■■ In June of 1970, after a hearing before the New Jersey State Parole Board, parole was denied "without explanation," and a rehearing was scheduled for December 1971. Subsequently, the rehearing before the State Parole Board was held in December 1971 and parole was denied plaintiff because of "poor institutional conduct."[3] Under these circumstances, petitioner's due process claim has become moot and the district court's dismissal of that claim will be affirmed. As to petitioner's equal protection claim, it appears beyond a reasonable doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief.[4]

The district court dismissal of this claim will, therefore, be affirmed.

New Jersey Attorney General as a defendant and to add an additional plaintiff, making the suit a class action, no ruling was made on such motion.

2. In his brief before this court, plaintiff argues that his due process claim is based on a failure to state reasons, combined with a failure to promulgate rules governing the grant of parole. Contrary to the assertions at page 4 of plaintiff's brief, the complained of failure to promulgate rules was not raised before the district court in the complaint and is not properly before this court for review.

3. On May 10, 1971, the New Jersey Supreme Court filed its opinion in Monks v. New Jersey State Parole Board, 58 N.J. 238, 277 A.2d 193 (1971), holding that the New Jersey State Parole Board's

rule (11:70–54) which precluded a statement of reasons for a parole denial be replaced "by a carefully prepared rule designed generally towards affording statements of reasons on parole denials. . . ." 277 A.2d 199.

4. See Mertz v. Pinto, 459 F.2d 1041 (No. 71–1443, 3d Cir., Opinion filed 5/1/72); Marcedes v. Barrett, 453 F.2d 391 (3d Cir. 1971); Bennett v. People of California, 406 F.2d 36 (9th Cir.), cert. denied, 394 U.S. 966, 89 S.Ct. 1320, 22 L.Ed.2d 568 (1969)—"The Constitution does not make it legally impossible for a state, in granting or refusing parole, to make an individualized judgment." Cf. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (per curiam opinion of Jan. 13, 1972).