**ENTERPRISE ELECTRIC CO., a corporation, Plaintiff,**

v.

**The BLACKFEET TRIBE OF INDIANS and Sletten Construction Company, a Montana corporation, Defendants.**

**Civ. No. 3066.**

United States District Court,
D. Montana,
Great Falls Division.

Feb. 6, 1973.

**992**

Norman L. Newhall, III, Scott, Linnell & Neill, Great Falls, Mont., for plaintiff.

Philip E. Roy, Browning, Mont., for the Blackfeet Tribe of Indians.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

■ This action is dismissed for want of jurisdiction.

The defendant, whose proper name is "The Blackfeet Tribe of the Blackfeet Indian Reservation," is a federal corporation chartered on July 18, 1936, by the Secretary of the Interior (charter ratified August 15, 1936) under the provisions of the Indian Reorganization Act of 1934, 48 Stat. 984, 25 U.S.C. § 461 et seq. According to the complaint the defendant employed plaintiff by written contract to perform electrical work on a tribal center complex. Defendant performed the work and has not been paid. This action is brought to recover the money due.

The charter contains a waiver of the tribe's sovereign immunity. The waiver is limited[1] and provides that the federal corporation may be sued in a court of competent jurisdiction.

■ The federal courts are courts of limited jurisdiction, and a United States district court has only that jurisdiction entrusted to it by an act of Congress.[2] Whatever might be the effect of the words "be sued in courts of competent jurisdiction"[3] appearing in an act of Congress, those words appearing in a charter issued by the Secretary of Interior could not vest in the United States district court a jurisdiction it did not otherwise possess.

■ The fact that the defendant is a federal corporation does not give the court jurisdiction.[4]

There is no diversity jurisdiction. The complaint alleges that plaintiff is a Montana corporation and the court takes judicial notice of the fact that the principal and only place of business of the defendant is in the State of Montana.[5]

■ 28 U.S.C. § 1362 provides a limited jurisdiction in actions brought by

---

1. "5. The Tribe, subject to any restrictions contained in the Constitution and laws of the United States, or in the Constitution and By-laws of said Tribe, shall have the following corporate powers, in addition to all powers already conferred or guaranteed by the Tribal Constitution and By-laws.

    \*    \*    \*    \*    \*

"i. To sue and to be sued in courts of competent jurisdiction within the United States; but the grant or exercise of such power to sue and to be sued shall not be deemed a consent by the said Tribe, or by the United States to the levy of any judgment, lien or attachment upon the property of the Tribe other than income or chattel specially pledged or assigned."—Corporate Charter of the Blackfeet Indian Reservation, Montana, ratified Aug. 15, 1936. *See* Maryland Casualty Co. v. Citizens National Bank, 361 F.2d 517 (5th Cir. 1966).

2. Wright, Law of Federal Courts, 2d Ed., p. 15.

3. No opinion is expressed as to whether a federally incorporated Indian tribe falls within the ambit of Kennerly v. District Court of Montana, 400 U.S. 423, 91 S.Ct. 480, 27 L.Ed.2d 507 (1971), holding that the state courts have no jurisdiction of actions to enforce contracts with individual Indians made on an Indian reservation.

4. 28 U.S.C. § 1349.

5. The jurisdictional problems presented in cases involving localized federal corporations (Feuchtwanger Corp. v. Lake Hiawatha Federal Credit Union, 272 F.2d 453 (3rd Cir. 1959); Elwert v. Pacific First Federal Savings & Loan Ass'n, 138 F.Supp. 395 (D.Or.1956)) prior to the passage of Public Law 85-554 were eliminated by that law which added the present subsection "c" to 28 U.S.C. § 1332.

an Indian tribe and is not applicable here.

No action of Congress has been cited and none can be found granting jurisdiction of this dispute to this court.