The MESCALERO APACHE TRIBE,
an Indian Tribe, Appellant,

v.

Joe R. MARTINEZ, d/b/a Marco Con-
struction Company, and Wisconsin
Surety Corporation, a Wisconsin Cor-
poration, Appellees.

No. 74–1516.

United States Court of Appeals,
Tenth Circuit.

Argued March 28, 1975.

Decided July 9, 1975.

**480**

George E. Fettinger, Alamogordo, N. M., for appellant.

Richard J. Grodner, Albuquerque, N. M. (Marc Prelo, Jr., and Albert, Prelo & Berlin, Albuquerque, N. M., on the brief), for appellees.

Before SETH, McWILLIAMS and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

The Mescalero Apache Tribe brought an action for breach of contract against Joe R. Martinez, doing business as Marco Construction Company, in the United States District Court for the District of New Mexico. By answer Martinez denied the existence of any contract, and challenged the subject matter jurisdiction of the court. The trial court ruled that it did not have jurisdiction of the subject matter, and dismissed the action. The Tribe now appeals. The single issue is whether under 28 U.S.C. § 1362 the trial court had jurisdiction of this action. In our view the trial court did not have jurisdiction of the subject matter, and we accordingly affirm.

In its complaint the Tribe alleged that it advertised for bids for the construction of trailer camper campsites and that in response to such advertisement Martinez submitted a bid proposal. It is further alleged that the Tribe accepted Martinez' bid, but that the latter thereafter "failed and refused to enter and

perform a contract" and that the Tribe was forced to an alternate and higher bidder, with resultant damage to the Tribe in the sum of $15,000. Although the Tribe in its complaint never did actually use the phrase "breach of contract" there is really no dispute but that the action is purely one for breach of contract, and nothing more.

In his answer Martinez alleged that the Tribe had failed to "abide by the conditions of its instructions to bidders" and that as a result there never was a contract between the parties. As indicated, Martinez also alleged that the trial court was without jurisdiction to hear the controversy.

The Tribe asserts that the trial court has jurisdiction of the subject matter of this controversy under the provisions of 28 U.S.C. § 1362 (1966). That statute reads as follows:

§ 1362. Indian tribes

The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, *wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States.* (Emphasis added).

To see the present dispute in context, reference should also be made to 28 U.S.C. § 1331(a), which reads as follows:

§ 1331. Federal question; amount in controversy; costs

(a) The district courts shall have original jurisdiction of all civil actions *wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.* (Emphasis added).

It is noted that both § 1362 and § 1331 require that the matter in controversy be one arising under the Constitution, laws, or treaties of the United States. Though the Supreme Court has not as yet definitively considered the

"arising under" language in § 1362, this same language as it appears in § 1331(a) has been the subject of much legal writing. It has been suggested that the proper test under § 1331 for finding original federal jurisdiction is that there be a "substantial claim founded directly upon federal law."[1] In deciding whether the matter in controversy involves such a claim, only the complaint should be examined, and, indeed, only those parts of the complaint directly and necessarily relating to the plaintiff's cause of action should be considered. Any statements in the complaint which go beyond a statement of the plaintiff's claim and anticipate or reply to a probable defense are to be disregarded. The repeated enunciation of the foregoing general principles has given rise to the "well-pleaded complaint" rule for determining federal question jurisdiction under § 1331. *See*, for example, *Gully v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), and *Taylor v. Anderson,* 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218 (1914).

■ Under the rationale of such cases as *Gully* and *Taylor,* as well as a host of others, federal jurisdiction in the instant case cannot be established under § 1331, even though the Tribe's claim exceeds $10,000. Accordingly, the Tribe relies entirely on § 1362 for federal jurisdiction. It is the position of the Tribe that notwithstanding the fact that § 1362 contains the same "arising under" language as § 1331, § 1362 should be more broadly construed and should not be judged in the light of the "well-pleaded complaint" rule. Martinez argues, in turn, that the *only* effect of § 1362 is to lift the $10,000 jurisdictional amount when an Indian tribe brings an action involving a federal question. In other words, it is Martinez' position that § 1362, like § 1331, requires that the matter in controversy present a federal question, and that in determining the existence of a federal question under § 1362 the "well-pleaded complaint" rule should be applied.

■ We do not believe that we need here decide whether an action brought under § 1362 is subject to the "well-pleaded complaint" rule, or whether the section should be given a different and broader application.[2] It would appear that a good case could be made for construing the "arising under" language in § 1362 in the same manner the "arising under" language in § 1331 has heretofore been construed by the courts on repeated occasions. Be that as it may, whether § 1362 be subject to the "well-pleaded complaint" rule, or given a broader and less narrow application, under either approach we simply fail to find a federal question.

Just what the Tribe feels should be the limits of this broader approach to § 1362 is not entirely clear. Others have suggested that in determining whether there be a federal question under § 1362, courts should not be limited to a consideration of the necessary elements of the complaint, but should consider all pleadings, depositions, and the like. Even if the broader approach be followed in the instant case, there would still be no federal question presented. Going beyond the limitations of the "well-pleaded complaint" rule, there is still nothing whatsoever in the instant case to suggest that we have anything here but a simple breach of contract case. A breach of contract claim has been held not to be a matter in controversy arising under the Constitution, laws or treaties of the United States, and hence not posing a

---

1. Mishkin, *The Federal "Question" in the District Courts,* 53 Colum.L.Rev. 157, 165, 168 (1953).

2. In *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974), the Supreme Court found it unnecessary to consider the contention that the "arising under" language in § 1362 should be "expanded" beyond what judicial interpretations of that language have allowed under § 1331. See footnote 16, p. 682, 94 S.Ct. 772.

federal question. *Adelt v. Richmond School District,* 439 F.2d 718 (9th Cir. 1971). *See also Enterprise Electric Co. v. Blackfeet Tribe of Indians,* 353 F.Supp. 991 (D.C.Mont.1973), where a federal district court was held not to have jurisdiction to hear an action wherein an Indian tribe was sued for monies allegedly due under a contract for electrical work. Accordingly, we find no jurisdiction under § 1362, under either the "well-pleaded complaint" rule, or the broader approach.

■ The Apache Tribe has an alternate theory as to why the trial court has subject matter jurisdiction under § 1362. Under 25 U.S.C. § 175, according to the Tribe, the United States Attorney has the discretionary authority to represent an Indian tribe in a proceeding such as the instant one, and thus could have brought the present suit as trustee or guardian for the Tribe. If the United States had brought the present proceeding on behalf of the Tribe, the latter asserts that the trial court would then have jurisdiction to hear the matter by virtue of 28 U.S.C. § 1345, which provides that the federal district courts have jurisdiction of all civil actions brought by the United States. It is illogical, argues the Apache Tribe, to have federal jurisdiction exist if the United States had instituted the present action on behalf of the Tribe, but to withhold that federal jurisdiction where, as here, the Tribe brought the action in its own name. The Tribe asserts that one reason for § 1362 was to allow an Indian tribe to try in federal court *any* claim that the United States could have maintained as the trustee for a tribe. We do not agree with this reasoning. In our view § 1362 does not dispense with the requirement of pleading a federal question.

In thus arguing, the Apache Tribe relies on some legislative history, which they deem helpful to their cause. Of course legislative history cannot overrule the clear and unequivocal language of a statute. *Colorado Public Interest Re-*

*search Group, Inc. v. Train,* 507 F.2d 743 (10th Cir. 1974). Reliance is also placed by the Tribe on three cases out of the Ninth Circuit: *Moses v. Kinnear,* 490 F.2d 21 (9th Cir. 1973); *Fort Mojave Tribe v. Lafollette,* 478 F.2d 1016 (9th Cir. 1973); and *Salt River Pima-Maricopa Indian Community v. Arizona Sand and Rock Company,* 353 F.Supp. 1098 (D.C.Ariz.1972).

In *Moses,* an Indian tribe, as well as individual Indians, brought suit against the State of Washington to enjoin the latter from imposing excise taxes upon the sale, possession and use of tobacco sold by one plaintiff on Indian trust land outside the reservation, and sold by another plaintiff within the reservation. The Ninth Circuit found a federal question to exist on the basis that Indians and Indian property on a reservation are subject to state taxation only if express authority to do so is conferred on the state by an act of Congress. The court thus concluded that the district court had jurisdiction under both § 1331 and § 1362.

In *Fort Mojave* the Ninth Circuit concluded that § 1362 authorized an Indian tribe to bring a suit in federal court where the United States has declined to act. The court stressed that § 1362 was intended to protect a tribe's "federally derived property rights." Thus in *Fort Mojave,* as in *Moses,* § 1362 jurisdiction was premised on finding a federally derived right. It is significant that *Moses* and *Fort Mojave* were actions involving Indian land and property rights, which are rights of a unique federal origin.

*Salt River* also apparently involves an alleged trespass to Indian land. However, it is quite true that in *Salt River* there appears certain language supportive of the position advanced here by the Apache Tribe. The court in *Salt River* flatly stated that "under § 1362 any case which might have been brought by the United States is deemed to be one arising under the Constitution, laws or treaties of the United States if it is brought

on behalf of an Indian tribe by their own attorneys." In thus holding the Arizona district court relied on Judge Lumbard's dissent in *Oneida Indian Nation of New York State v. County of Oneida, New York,* 464 F.2d 916 (2d Cir. 1972), *rev'd,* 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974). In our view the Arizona court overextended Judge Lombard's dissent.

In *Oneida* the Circuit Court majority applied the "well-pleaded complaint" rule to § 1362 and found no federal question to exist when the action was one in simple ejectment.[3] In his dissent Judge Lumbard found that the claim there asserted rested on a treaty between the United States and the Oneidas. Having first found a federal question, he then went on to state that the legislative intent behind § 1362 was to make certain that Indian tribes had a forum to which they could go themselves when the United States declined to represent them. In other words, Judge Lumbard found a federal question independent and apart from the mere fact that the Tribe was bringing an action which the United States had declined to bring in the name of the Tribe.

In any event, we are not persuaded by the rule enunciated in *Salt River.* Such completely does away with the "arising under" provision. § 1362 does not in our view dispense with the necessity of showing the presence of a federal question. As indicated throughout this opinion, in order for jurisdiction to attach under § 1362, *the matter in controversy,* and we emphasize that phrase, must itself arise under the Constitution, laws, or treaties of the United States. Here, the matter in controversy is an alleged breach of contract calling for the rendition of services by Martinez in the construction of a trailer camper campsite. If we are to give any effect to this "arising under" command, we must, and do,

hold that the trial court here had no subject matter jurisdiction.

Judgment affirmed.

---

**3.** The Supreme Court in *Oneida* reversed on the ground that under the "well-pleaded complaint" rule the matter in controversy presented a federal question under § 1331, the right in question being a federally derived right.