George **PAMBRUN** et al., Plaintiffs,

v.

**BLACKFEET TRIBE, BLACKFEET INDIAN RESERVATION, MONTANA, a federally chartered corporation, et al., Defendants.**

**No. CV 74–28–GF.**

United States District Court,
D. Montana,
Great Falls Division.

Oct. 2, 1975.

Frisbee & Moore, Cut Bank, Mont., for plaintiffs.

Otis L. Packwood, U.S. Atty., Billings, Mont., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

A complaint was filed by plaintiffs, who are members of the Blackfeet Tribe of the Blackfeet Indian Reservation (herein "Tribe"), seeking an accounting from the Tribe for funds received by it. The complaint was served on June 20, 1974. No appearance was made, and a default was entered by the clerk of the court. Subsequent to the entry of default an amended complaint was filed. It was served on the Tribe on December 11, 1974. No appearance was made. On August 18, 1975, at the request of plaintiffs, the clerk of the court entered a default. Plaintiffs now move for judgment.

The Tribe was organized under the Indian Reorganization Act of 1934 (Wheeler-Howard Act, 25 U.S.C. § 477), and the corporate charter, ratified on August 15, 1936, provided that the corporation could sue and be sued in courts of competent jurisdiction. There is no problem of so-called sovereignty, but there is a problem of jurisdiction.

Federal district courts are courts of limited jurisdiction, and there simply is no statute supporting the jurisdiction here. This case relates solely to the management of and accounting for tribal funds. This is not a civil rights suit. If it were, jurisdiction could be found under 25 U.S.C. § 1302(8) (the Indian Civil Rights Act of 1968), and 28 U.S.C. § 1343(4) (*see Johnson v. Lower Elwha Tribal Community*, 484 F.2d 200 (9th Cir. 1973)); or, were there a colorable claim of civil rights violations, jurisdiction might be asserted on the narrow basis suggested in *Spotted Eagle v. Blackfeet Tribe*, 301 F.Supp. 85 (D.Mont.1969).

There is no federal question jurisdiction. While some of the funds alleged to have been mismanaged may have come from the United States, plaintiffs' rights in those funds and other tribal property arise out of their membership in the tribe. *See Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe*, 370 F.2d 529 (8th Cir. 1967); *Martinez v. Southern Ute Tribe*, 249 F.2d 915 (10th Cir. 1957).

There is no suggestion of diversity jurisdiction.

In short, the unique character of the tribal organization does not create an independent ground for federal jurisdiction except where there are violations of the Indian Civil Rights Act (25 U.S. C. § 1302(8)) and in habeas corpus under the rule of *Colliflower v. Garland*, 342 F.2d 369 (9th Cir. 1965).

The motion for judgment is denied, and the action is dismissed as to the Tribe for want of jurisdiction.[1] Let judgment be entered accordingly.

1. I express no opinion as to the jurisdiction of the state courts.