**Inez FARRINGTON, Personal Representative of the Estate of Ramona Seter, Deceased, and Vernon Henry Seter, an infant, by Harry V. Barkhurst and Margaret J. Barkhurst, Guardians of his person and estate, Plaintiffs,**

v.

**CONFEDERATED SALISH and Kootenai Tribes of the Flathead Reservation, a corporation, By and Through United States Charter, Defendant.**

**No. CV 77–31–M.**

United States District Court, D. Montana, Missoula Division.

April 3, 1978.

Stephen J. Nardi, Daley & Sherlock, Kalispell, Mont., for plaintiffs.

Marra, Wenz, Iwen & Johnson, Joseph R. Marra, Great Falls, Mont., for defendant.

OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

This is an action brought to recover damages for a wrongful death arising out of an

automobile accident allegedly caused by the Confederated Salish and Kootenai Tribes (Tribes), organized under the Indian Reorganization Act of 1934 (Wheeler-Howard Act, 25 U.S.C. § 477). The accident happened within the exterior boundaries of the Reservation. Decedent was not a member of the Tribes but was passing through the Reservation on a public highway.

This court does not have jurisdiction of actions against a tribe organized under the Indian Reorganization Act of 1934 except civil rights actions arising under the Indian Civil Rights Act, 25 U.S.C. §§ 1301–1341. *Panbrun v. Blackfeet Tribe,* 400 F.Supp. 1394 (D.Mont.1975); *Enterprise Electric Co. v. Blackfeet Tribe,* 353 F.Supp. 991 (D.Mont.1973). *See Mescalero Apache Tribe v. Martinez,* 519 F.2d 479 (10th Cir. 1975).[1]

The court does, however, have jurisdiction to determine whether a civil rights action is, or can be, stated, and has heretofore refused to dismiss for want of jurisdiction. *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Spotted Eagle v. Blackfeet Tribe,* 301 F.Supp. 85 (D.Mont. 1969).

Now, following a pretrial conference, I have examined the complaint to determine whether it states a cause of action under 25 U.S.C. § 1302(8). That section reads:

> No Indian tribe in exercising powers of self-government shall—
>
> .    .    .    .    .
>
> (8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law.

In my opinion, the commission of an act of negligence does not deprive a plaintiff of the due process or equal protection mentioned in 25 U.S.C. 1302(8). Prior to the Indian Civil Rights Act, it had been almost universally held that the Indians had none of the Bills of Rights rights as against the

tribe except possible habeas corpus. The basic purpose of the Act was to vest in individual Indians some rights as against the power of the tribe. *See* S.Rep. No. 721, 90th Cong.,2d Sess., *reprinted in* [1968] U.S. Code Cong.& Admin.News, pp. 1837, 1863–67. It is impossible to make a due process or equal protection case out of an act of simple negligence not aimed at a known individual and not purporting to be an exercise of the power of the tribe. *See Mescalero Apache Tribe v. Martinez,* 519 F.2d 479 (10th Cir. 1975); *Kent v. Prasse,* 385 F.2d 406 (3d Cir. 1967); *Hickey v. Crow Creek Housing Authority,* 379 F.Supp. 1002 (D.S. D.1974); *Mertz v. Pinto,* 343 F.Supp. 374 (D.N.J.1971).

The case is dismissed without leave to amend.

Let judgment be entered dismissing plaintiffs' claims against the defendant with prejudice and denying plaintiffs all relief.

---

1. *Colliflower v. Garland,* 342 F.2d 369 (9th Cir. 1965), extended some habeas corpus rights to Indians prior to the Indian Civil Rights Act.