379 F.2d 213
 Robert W. NEGRICH, Appellant,
v.
William R. HOHN, Warden, Westmoreland County Prison, Marshall V. Benjdich, Asst. County Detective, Edward F. Singer, Pennsylvania State Police, Alex W. Copeland, Sheriff, Westmoreland County, John Marefka, Prison Guard, Westmoreland County, Richard E. McCormick, District Attorney, Westmoreland County, Appellees.
 No. 15705.
 United States Court of Appeals Third Circuit.
 Argued March 30, 1966.
 Decided June 16, 1967.
 
 1
 Harry Alan Sherman, Pittsburgh, Pa., for appellant.
 
 
 2
 H. Reginald Belden, Greensburg, Pa., and Gilbert J. Helwig, Pittsburgh, Pa., for all appellees except Singer.
 
 
 3
 Thomas J. Reinstadtler, Jr., Pittsburgh, Pa. (Egler, McGregor & Reinstadtler, Pittsburgh, Pa., on the brief), for appellee Singer.
 
 
 4
 Before STALEY, Chief Judge, GANEY, Circuit Judge, and SHERIDAN, District Judge.
 
 
 5
 SHERIDAN, District Judge.
 
 
 6
 This is an appeal by plaintiff from orders of the district court dismissing his complaint against six State and County officials in an in forma pauperis action under the Civil Rights Act, 42 U. S.C.A. § 1983.
 
 
 7
 While plaintiff was confined in the Westmoreland County, Pennsylvania, prison awaiting trial for armed robbery, a prison breach occurred and a guard was beaten. Plaintiff was indicted for prison breach and felonious assault. He was acquitted of the armed robbery. After four days of trial on the prison breach and assault charges, at which he was represented by the same counsel who had defended him on the armed robbery charge, he withdrew his plea of not guilty and entered a plea of guilty.
 
 
 8
 The defendants are: State Policeman Edward F. Singer and Westmoreland County officials, District Attorney Richard E. McCormick, Sheriff Alex W. Copeland, Warden William R. Hohn, Assistant County Detective Marshall V. Brajdich,[1] John Marefka, Prison Guard.[2] By amended order dated September 24, 1965, the district court dismissed the complaint against Copeland, Marefka and McCormick, and by order dated October 7, 1965, the district court dismissed the complaint against Hohn, Brajdich and Singer.
 
 
 9
 The complaint makes broad charges that all defendants inflicted upon the plaintiff "a cruel and unusual punishment for some (approximately) 120 days while plaintiff was in defendants' custody awaiting trial" because he would not sign a statement that he was involved in a prison break; that he pleaded guilty because he was in fear for his life as a result of cruel and "inhuman" punishment; that the defendants in charge of the prison put plaintiff on bread and water for some 30 days; that defendants repeatedly beat plaintiff and forced him to sign a statement;[3] that defendants denied plaintiff the right to see his attorney; that defendants had false charges placed against plaintiff. Warden Hohn is specifically charged with placing plaintiff in solitary confinement on a restricted diet.
 
 
 10
 The Civil Rights Act protects a person who under color of state law is deprived of any rights, privileges or immunities secured by the Constitution and laws by making those responsible liable in damages. This court has upheld a dismissal of a complaint by a state prisoner in a Civil Rights case where the allegations were broad and conclusory, and unsupported by factual allegations. "And allegations that the defendants arbitrarily thwarted appellant's efforts to obtain or protect his legal rights through the courts are rightly said by the trial court to be `* * * conclusory in nature'. Factual documentation supporting such a conclusion would of course present a far different situation." United States ex rel. Hoge v. Bolsinger, 3 Cir. 1962, 311 F.2d 215. And in Pugliano v. Staziak, W.D.Pa.1964, 231 F. Supp. 347, aff'd 3 Cir. 1965, 345 F.2d 797, a complaint in a Civil Rights case was dismissed for failure to allege specific facts. Accord Richardson v. Rivers, 1964, 118 U.S.App.D.C. 333, 335 F.2d 996; Birnbaum v. Trussell, 2 Cir. 1965, 347 F.2d 86.
 
 
 11
 The complaint is insufficient because it is broad and conclusory.[4] Its insufficiency lies in its failure to state facts in support of its conclusions. The charges of beatings and cruel and unusual punishment are made against the defendants generally and not against any particular defendant. It is apparent that all defendants could not have inflicted the beatings at the times and places indicated. Marefka and McCormick were named in the caption, but not in the body of the complaint. Copeland was named in the caption, but mentioned in the body only once.[5] The allegation that the defendants deprived plaintiff of the right to counsel is general and conclusory and indicates merely an attempt by plaintiff to dictate when and where he should be permitted to confer with his counsel.[6]
 
 
 12
 Plaintiff claims Warden Hohn put him in solitary confinement after plaintiff signed the statement and after he was given a preliminary hearing on the prison breach charge. This indicates disciplinary action. No facts are alleged in support of a claim of cruel and unusual punishment. Prison officials have wide discretion in matters of prison operation and discipline. "Discipline reasonably maintained in * * * [state] prisons is not under the supervisory direction of the federal courts. Kelly v. Dowd, 140 F.2d 81 (7 Cir. 1944). There is nothing in the circumstances related to indicate any reasonable basis for interference with the state authority, even though appellant's claim is under the guise of violation of his constitutional rights." Gurczynski v. Yeager, 3 Cir. 1964, 339 F.2d 884; Cole v. Smith, 8 Cir. 1965, 344 F.2d 721; United States ex rel. Atterbury v. Ragen, 7 Cir. 1956, 237 F.2d 953.
 
 
 13
 The false charges against plaintiff are attributed to all defendants. The nature of these charges is not disclosed. This allegation is broad and conclusory.
 
 
 14
 The orders of the district court will be affirmed. Since the order dismissing the complaint against Hohn, Brajdich and Singer is affirmed for reasons other than those given by the district court, this court does not preclude the district court, within its discretion, from permitting the plaintiff to file an amended complaint against Hohn, Brajdich and Singer. 3 Moore, Federal Practice para. 15.08 [4] (2d ed.).
 
 
 
 Notes:
 
 
 [1]
 Misspelled as Benjdich in the complaint
 
 
 [2]
 Judge Keim of Westmoreland County was also a defendant. The action against him was dismissed in a separate order from which no appeal was taken
 
 
 [3]
 The statement was not used at the trial
 
 
 [4]
 Appellant prepared his own complaint, which was received in the Clerk's office on May 11, 1965. On May 18, 1965, the court appointed experienced and able counsel to represent appellant
 
 
 [5]
 "9. On November 21, 1963, after the defendants forced plaintiff to sign a statement, they then took plaintiff out to a hearing before Magistrate Margaret S. Bossart. At said hearing the plaintiff askerSheriff Copeland if his attorney was coming to the hearing. The Sheriff then asked defendants William R. Hohn and Edward F. Singer if they contacted plaintiff's attorney, and Benjdich stated: `No they hadn't' they said they felt plaintiff would have time to see his attorney before going to Court."
 
 
 [6]
 "6. Plaintiff was denied the right to see his attorney by the said defendants on November 18, in front of the District Attorney's office. Plaintiff wanted to speak to his attorney, Mr. James Nardell, Esq., who was outside of the district attorney's office. Plaintiff stopped and asked to speak with his attorney and was refused by Penna. State PolicemanEdward F. Singer, who started pulling plaintiff by his coat, plaintiff then asked his attorney to please come over to the Jail to see him. Attorney James Nardell, Esq., then said not to do anything until he speaks to me. Plaintiff then said `OK.' Then Trooper Singer started pulling while County Detective Marshall v. Benjdich, was still pulling on plaintiff, the attorney hollered out to me that he would check and see what this was all about and `I'll be over to see you.' Plaintiff never did see an Attorney and was refused the right to call one until he would confess."