**Robert Harry ESSER**

v.

**Glen R. JEFFES, Supt., et al.**

**Civ. No. 75–489.**

United States District Court,
M. D. Pennsylvania.

Nov. 5, 1975.

Robert Harry Esser, pro se.

James C. Barnes, Jr., Deputy Atty. Gen., Harrisburg, Pa., for defendants.

## MEMORANDUM

NEALON, District Judge.

Plaintiff, an inmate presently incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania, and a perennial litigant,[1] has filed a civil rights action seeking a declaration by the Court that while he was an inmate at the State Correctional Institution at Dallas, Pennsylvania, the defendants violated his constitutional rights, for which he requests compensatory and punitive damages. Plaintiff complains that the procedure by which he was found to be guilty of a minor misconduct charge[2] violated his right to due process and as a result his privileges, i.e., movies, gym, etc., were withheld for fifteen days. Permission to proceed with the action in forma pauperis was granted by the Court and the defendants have responded, moving for summary judgment on the ground that there is no dispute to any material fact and that, as a matter of law, plaintiff was afforded due process. Upon consideration of the pleadings and the briefs filed in this action, the Court is of the opinion that the motion for summary judgment should be granted.

Plaintiff argues that as a result of defendants' malice he was not given written notice of the minor misconduct charge, and that at the subsequent hearing he was not allowed to call witnesses and question accusers.[3] It is well settled, however, that plaintiff has no constitutional right to confrontation and cross-examination of witnesses in prison disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Moreover, accepting as true that plaintiff did not receive written notice of the charge, it does not entitle him to relief. The requirement for written notice as spelled out in *Wolff v. McDonnell*, supra, is only applicable in hearings that may result in a major change in the conditions of confinement, such as the loss of good time and possibly in those leading to solitary confinement, but does not encompass situations where lesser penalties such as loss of privileges are involved. Since the deprivation here only amounted to a loss of certain privileges, it was not of sufficient magnitude to require written notice. See *Wolff v. McDonnell*, supra. Moreover, plaintiff does not complain that

---

1. Defendants, in their brief, characterize this action as "the most recent in a never ending stream of civil rights suits instituted by Esser in Federal Courts."

2. Plaintiff was found guilty of pilfering food from the inmates' dining room.

3. The hearing is described as an informal session rather than adversarial.

he was unprepared to present his defense or that the findings were arbitrary or capricious. I conclude, therefore, that plaintiff was afforded due process.

As for plaintiff's allegation that the defendants with respect to the above disciplinary action proceeded with "malice", it is insufficient to make out a complaint under 42 U.S.C. § 1983. *Curtis v. Everette*, 3 Cir. 1973, 489 F.2d 516; *Esser v. Weller*, 3 Cir. 1972, 467 F.2d 949; *Negrich v. Hohn*, 3 Cir. 1967, 379 F.2d 213. Plaintiff's remaining allegation that the denial of television and gym privileges for fifteen days amounts to cruel and unusual punishment is so devoid of merit as not to require elaboration. Defendants' motion for summary judgment will be granted and plaintiff's motion for summary judgment will be denied.