Steven KRIER

v.

Anthony AMODIO, Individually and as a police officer of the City of Philadelphia, and Dennis Linso, Individually and as a police officer of the City of Philadelphia, and Joseph O'Neill, Individually and as Police Commissioner of the City of Philadelphia, and the City of Philadelphia.

Michael A. KERR

v.

Anthony AMODIO, William Danks, John Murphy, Joseph O'Neill and the City of Philadelphia.

Mark HARDER

v.

William DANKS, Individually and as a police officer of the City of Philadelphia, and Leonard McCabe, Individually and as a police officer of the City of Philadelphia, and Joseph O'Neill, Individually and as Police Commissioner of the City of Philadelphia, and the City of Philadelphia.

Civ. A. Nos. 77–2919 to 77–2921.

United States District Court,
E. D. Pennsylvania.

Nov. 17, 1977.

Stewart & Wood, George P. Wood, Norristown, Pa., for plaintiffs.

Sheldon L. Albert, City Sol., Gerald T. Clark, Asst. City Sol., Philadelphia, Pa., for defendants.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

These three civil rights actions against various Philadelphia police officers, Police Commissioner Joseph O'Neill and the City of Philadelphia ("City") arise out of the same incident, during which each plaintiff alleges he was beaten without provocation by two or more officers. The complaints, the answers, the motions and the supporting briefs are identical in each case, with the exception of the individual officers involved and the specific physical injuries alleged.

In each case, the defendants have moved to dismiss the complaint asserting: (1) that this court lacks subject matter jurisdiction over all defendants in their individual capacities, except the City; (2) that we lack jurisdiction over the City; (3) that plaintiff fails to state a claim upon which relief can be granted; and (4) that we should not take pendent jurisdiction over plaintiff's state law claims. We will address the motions in the three cases jointly, considering the defendants' claims in the above order.

## I. JURISDICTION OVER INDIVIDUAL DEFENDANTS:

█ Each plaintiff alleges that at or about 2:00 A.M. on August 24, 1975, the defendant officers entered a private residence in Philadelphia after advising the occupants that they were under arrest; beat the plaintiff without provocation; failed to provide him with medical attention; and refused to allow him to make telephone calls, thereby depriving him of his civil rights and causing him personal injury. Each plaintiff asserts that Philadelphia Police Commissioner Joseph O'Neill supervises and controls police officers, implying that he was negligent in that supervision, and apparently asserts that O'Neill failed to provide medical attention and to allow a telephone call, thereby depriving him of his civil rights and causing him personal injury.

Clearly, each individual defendant is a "person" for purposes of 42 U.S.C. §§ 1983 and 1985 [1], under which plaintiffs here sue for damages and declaratory and injunctive relief. It has been established, furthermore, that police officers are not absolutely immune from liability under these sections of the Civil Rights Act. *Kauffman v. Moss,* 420 F.2d 1270 (3d Cir. 1970).

---

1. The complaint alleges that this action also arises under 42 U.S.C. § 1988 and 28 U.S.C. §§ 2201 and 2202. These sections define the procedures under which remedies may be sought in civil rights cases; they do not create independent causes of action. *Jarrett v. Resor,* 426 F.2d 213, 216 (9th Cir. 1970); *Ammlung v. City of Chester,* 355 F.Supp. 1300, 1304 (E.D. Pa.1973). Our discussion of defendants' motion to dismiss the complaint is restricted, accordingly, to the substantive law of sections 1983 and 1985.

Defendants submit that they cannot be liable in their "individual capacities" because they were not acting under color of state law at the time of the alleged violations. The distinction between individual and official capacities urged upon us by defendants is not a relevant one in this context. It is true that sections 1983 and 1985 require that defendants act under color of state law. Such action is alleged, however, in these complaints. Each plaintiff avers that the defendant officers told him he was under arrest immediately before entering the house and committing the allegedly illegal acts. O'Neill's allegedly negligent supervision of the defendant officers likewise appears to have occurred while he was acting under color of state law.

Once the requirement of color of state law has been satisfied, there is no reason to distinguish between the defendants' individual and official liability under these statutes. Although requiring state action, this liability extends to officials who act beyond their authority, *Basista v. Weir*, 340 F.2d 74 (3d ·Cir. 1965), and can in that sense be "individual." Courts have seen no need to categorize this liability as either "individual" or "official" and we see no need to engage in that inquiry here.

## II.  JURISDICTION OVER THE CITY:

■ It is settled that municipalities are not "persons" within the definition of sections 1983 and 1985 and hence are not liable under those statutes. *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). We do not consider in the instant cases the possibility of establishing jurisdiction against the City by means of an implied cause of action under the fourteenth amendment, with jurisdiction pursuant to 28 U.S.C. § 1331. Each complaint alleges that defendants deprived plaintiff of his constitutional rights. But each does so in terms reproducing the language of § 1983, and none of the complaints mentions the fourteenth amendment specifically. We conclude, consequently, that no direct cause

of action has been stated, and we will grant the motions to dismiss the complaints against the City.

## III.  FAILURE TO STATE A CAUSE OF ACTION:

■ With respect to the defendant officers, we find that plaintiffs have stated a cause of action. We are fully cognizant of the general requirement that facts be pleaded specifically in civil rights complaints. *See, e. g., Rotolo v. Borough of Charleroi*, 532 F.2d 920 (3d Cir. 1976); *Curtis v. Everette*, 489 F.2d 516 (3d Cir. 1973), *cert. denied*, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974); *Negrich v. Hohn*, 379 F.2d 213 (3d Cir. 1967). Here, however, each plaintiff has alleged specific acts of the officers to have been unconstitutional conduct, thereby meeting the requirement of specificity. *Gray v. Creamer*, 465 F.2d 179, 182 n. 2 (3d Cir. 1972).

■ The allegations as to O'Neill are bewilderingly ambiguous. Except for specific beatings by specific officers, all defendants are lumped together as a unitary target. Thus, "defendants" failed to provide medical assistance or permit telephone calls. Does this mean that O'Neill was guilty of this conduct? Was he there? Did he participate? Did he approve with knowledge? Did he direct it? We just don't know and from the complaint, neither can anyone else. Such fuzzy, amorphous pleading represents a prime example of the type condemned as insufficient in *Negrich*. As to supervision, there is not even a general allegation that O'Neill was negligent. There is only the allegation that his duties include supervision. Were we to permit this complaint to stand against O'Neill's motion to dismiss, "specificity" would disappear from our legal vocabulary. Nor can O'Neill be held liable under the doctrine of *respondeat superior*, since there is only a fellow servant and not a master-servant relationship between O'Neill and the officers. *Santiago v. City of Philadelphia*, 435 F.Supp. 136, 148 (E.D.Pa.1977).

IV.  PENDENT JURISDICTION:

■  Each complaint also contains state law tort claims against all defendants.  Under the doctrine of *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), we are unable, having dismissed the federal claims against Philadelphia and O'Neill, to take pendent jurisdiction over the state law claims against those defendants.

■  As to the defendant officers, however, the controlling test remains that set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966): whether the federal and state law claims arise "from a common nucleus of operative fact" so that they may be tried conveniently and economically in one forum.  We find that the state and federal claims against the defendant officers do so arise, giving this court the power to hear the entire case, and we see no reason why we should not exercise that power here.  We will deny the motions to dismiss with respect to the state law claims against the defendant officers.