Minda Krawitz, a minor, by Edwin Krawitz and Barbara Krawitz, his wife, her guardians, and Edwin Krawitz and Barbara Krawitz, his wife, Petitioners *v.* Commonwealth of Pennsylvania, Department of Education and Caryl M. Kline, Secretary of Education, Commonwealth of Pennsylvania, Respondents. Stroudsburg Area School District, Party Respondent.

Argued November 16, 1979, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Edwin Krawitz,* pro se, with him *Duane H. Le-Baron, Jr.,* for petitioners.

*Ernest N. Helling,* Assistant Attorney General, with him *Patricia A. Conovan,* Chief Counsel, for respondents.

*Ronald J. Mishkin, Mark S. Love* and *Mervine, Brown & Newman,* for intervenor.

OPINION BY JUDGE ROGERS, December 20, 1979:

Edwin and Barbara Krawitz have appealed on behalf of their daughter Minda from a decision of the Secretary of Education, adopting a hearing examiner's recommendation that Minda, a mildly learning disabled and mildly emotionally disturbed child, be enrolled during the school year 1977-1978 in an educational program provided by the Intermediate Unit in which she resides and that the appellants' request for approval of Minda's placement in a private residential school in Massachusetts during the school years 1976-1977 and 1977-1978 be refused. The appellants' object is to receive the tuition reimbursement provided by Section 1376 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §13-1376.

The appellants reside in the Stroudsburg Area School District, where Minda attended regular school classes from kindergarten through the sixth grade.

During the next two years she attended the Pathway School, a private residential school located in Pennsylvania, with the approval of the District and Intermediate Unit No. 20, neither of which had an educational program to meet her needs at that time. The Department of Education had approved this placement and appropriate tuition reimbursements were made to the appellants.

Minda outgrew Pathway. Prior to the 1976-1977 school year, the School District notified the appellants that it was the District's recommendation that Minda be placed in an approved private school in Pennsylvania and provided the appellants with a list of approved schools from which to choose. The appellants rejected this recommendation and requested a hearing before a designee of the Secretary of Education concerning an appropriate educational program. The Department of Education failed to schedule a hearing, however, because the appellants made their request by letter to the superintendent of schools rather than by executing a hearing request form furnished with the notice of the District's recommendation. Believing that there were no suitable educational programs in Pennsylvania, the appellants at their own expense enrolled Minda in a private residential school in Massachusetts for the 1976-1977 school year while continuing to seek a hearing and approval of this placement by the Department. A hearing officer finally conducted a hearing in October of 1977, some fourteen months after the appellants' request.

At the hearing, the appellants sought approval nunc pro tunc of the Massachusetts placement for the 1976-1977 school year and initial approval for the Massachusetts placement for the 1977-1978 school year.

The hearing officer found that Minda suffered from a mild learning disability and a mild emotional disturbance and concluded that she was not eligible

for an out-of-state program under Department regulations, which provide for such placements only for multihandicapped persons,[1] defined in Department regulations as persons having two or more severe handicaps.[2] The hearing officer also found that Minda's educational needs could be met in programs operated by Intermediate Unit No. 20 or by state approved private schools during the 1977-1978 school year and he recommended that Minda be placed in an Intermediate Unit No. 20 class. He refused to recommend approval of the appellants' placement of Minda out of the state during either school year in question. The appellants filed exceptions to these recommendations with the Secretary of Education, who dismissed the exceptions and adopted the hearing officer's recommendations with modifications not at issue here. The appellants now appeal from the Secretary's decision.

The appellants first say that they were deprived of due process of law by the Department's failure to schedule a hearing prior to the 1976-1977 school year and by the hearing officer's failure to consider Minda's placement for that year nunc pro tunc. The Department concedes that the appellants were not given a timely hearing on the issue of appropriate placement for the 1976-1977 school year, but says that the appellants were not prejudiced by the delay. It bases its argument on Section 13.12(a) of the Department's regulations, 22 Pa. Code §13.12(a), which provides that "[t]he Secretary shall approve the placement of certain *multi*handicapped school-aged persons in approved out-of-state institutions." (Emphasis added.) Multihandicapped persons are described in Section 13.1 as those having two or more severe mental or

---

[1] 22 Pa. Code §13.12(a).

[2] 22 Pa. Code §13.1.

physical handicaps. The uncontradicted medical and psychological evidence, based on examinations made in 1974 and 1976, shows that Minda was and continues to be mildly learning disabled and mildly emotionally disturbed. The Department contends therefore that since Minda was never eligible for out-of-state placements under the Department's regulations, no harm was occasioned by the delay. We do not agree that the Department's failure to provide a timely hearing was without consequence. Had the matter been seasonably disposed of, Minda's parents might have accepted placement in one of the Pennsylvania schools offered by the Department. We believe that they should be reimbursed for tuition paid for the 1976-1977 placement in Massachusetts, at an institution, we note, whose tuition was less than that of the Pennsylvania school most highly recommended.

The appellants next say that the Secretary's decision that Intermediate Unit No. 20 could provide an appropriate educational program for Minda for the 1977-1978 school year is not supported by substantial evidence and is contrary to the law. We disagree.

The psychologist for Intermediate Unit No. 20 testified that the Intermediate Unit had recently developed a program that would meet Minda's educational needs for the 1977-1978 year but that he did not recommend the program because he did not believe that Minda's emotional needs could be met in a non-residential program. The director of special education for Intermediate Unit No. 20 also testified that Minda's educational needs could be met by the new program but that he continued to recommend a private school placement for her because she had done well in a residential setting. This evidence supports the hearing officer's finding that intermediate unit programs were available to meet Minda's educational needs.

The appellants say, however, that the Department's regulations require not only an appropriate educational program but one that is effective and efficient and most appropriate to the handicapped person's needs. They argue that the most appropriate program for Minda is a residential one which would provide for her emotional needs. In support of this argument, they rely on 22 Pa. Code §13.62(10), which provides:

Section 1376 (24 P.S. §13-1376) means the term 'brain damage' as used in this section and as further defined in the board's 'Criteria for Approval of Reimbursement' includes thereunder all mentally retarded persons. Accordingly, there should now be available to them tuition for day school and tuition maintenance for residential school up to the maximum sum available for day school or residential school, whichever provides the program of education and training more appropriate to the learning capacities of the mentally retarded child.

It is clear on the face of this regulation that it applies only to mentally retarded children. Minda has been diagnosed as learning disabled and emotionally disturbed and therefore does not come within its provisions. The general provisions of the special education regulations provide that "[a]ll handicapped school-aged persons identified shall be provided with an appropriate program of education or training, or both." 22 Pa. Code §13.11(a). It is the responsibility of the school district first and the intermediate unit next to provide programs of education or training, and it is only where neither the district nor the intermediate unit can effectively and efficiently provide these services that residential schools in or out-of-state, in that order, may be used. 22 Pa. Code §13.11 (b), (d). We can find nothing in the statutes or regulations which requires the approval of a "more ap-

propriate" program when an appropriate educational program exists in the intermediate unit.

ORDER

AND Now, this 20th day of December, 1979, the order of the Secretary of Education is reversed insofar as it denies reimbursement to Edwin and Barbara Krawitz for the cost of tuition and maintenance of Minda Krawitz in the Riverview School, East Sandwich, Massachusetts during the 1976-1977 school year, and the record is hereby remanded to the Secretary of Education solely for computation and payment of tuition and maintenance costs for that year in accordance with Section 1376 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §13-1376. The order is otherwise affirmed.