Leroy McCAIN

v.

**Warden Thomas KELLEY.**

Civ. A. No. 80–2826.

United States District Court,
E. D. Pennsylvania.

Nov. 12, 1980.

---

**2.** M.C.L.A. § 333.21515 by its terms precludes the court subpoena of such records and states that they are not public records.

Leroy McCain, pro se.

Thomas Kelley, Warden, pro se.

## MEMORANDUM AND ORDER

GILES, District Judge.

On July 18, 1980, plaintiff, a pretrial detainee at Holmesburg State Prison ("Holmesburg"), filed a *pro se* complaint against the Warden and petitioned for leave to proceed *in forma pauperis.* He alleges that the Warden violated his civil rights protected under Title 42 U.S.C. § 1983. Specifically, he alleges that because of the Warden's negligent or intentional failure to supervise prison guards and inmates some of the inmates sexually assaulted him. On August 14, 1980, the Magistrate recommended that leave be granted to proceed *in forma pauperis* but that the complaint be dismissed as frivolous. For the following reasons, the court shall allow the *in forma pauperis* petition but shall grant plaintiff leave to amend rather than dismissing the complaint as frivolous.

A *pro se* civil rights complaint must be liberally construed. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 598, 30 L.Ed.2d 652 (1972). Such a complaint may not be dismissed unless it appears that the plaintiff would be unable to prove any set of facts which would entitle him to relief. *Id.* However, a plaintiff must plead with specificity the alleged violations of his civil rights. *Rotolo v. Borough of Charleroi,* 532 F.2d 920 (3d Cir. 1976); *Kauffman v. Moss,* 420 F.2d 1270 (3d Cir. 1970) *cert. denied* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *Negrich v. Hohn,* 379 F.2d 213 (3d Cir. 1967). Plaintiff's complaint fails to meet the specificity requisites. It alleges that unidentified inmates drugged his coffee and caused him to fall asleep so that they could rape him. However, he does not allege whether the alleged sexual assault was a sporadic occurrence or part of a general pattern. Nor does he allege whether the Warden knew or should have known that this particular incident or others substantially similar to it happened or were likely to occur or whether any general pattern of injurious conduct could have been prevented by change or enforcement of a policy or practice.

In *Jerry v. Francisco*, 632 F.2d 252 (3d Cir. 1980), a case involving alleged violation of a prisoner's rights under § 1983, the Third Circuit reversed the trial court's judgment denying plaintiff damages. In a concurring opinion, Judge Adams stated that:

" . . . the liability of supervisory personnel under section 1983 turns on whether the prisoner complains about a sporadic incident, which may be beyond the control of a supervisor, or about general conditions and policies properly within the supervisory purview of the officer in charge of the prison."

At 256.

The court is persuaded that plaintiff should be given the opportunity to allege specific facts, if any exist, which, if proved, would entitle him to relief against the Warden. Plaintiff shall be granted leave to amend his complaint within twenty (20) days from the date hereof. Failure to plead with specificity may result in dismissal of the complaint with prejudice.