507 F.Supp. 78 (1981)
Harold NEELY
v.
David ESHELMAN, Esq., individually and in his official capacity as (former) member of the Berks County Public Defenders Association of Reading, Pa.
Anthony B. Rearden, individually and in his (former) capacity as member of the A. P. D. of Berks County, Pa.
William F. Ochs, individually and in his official capacity as Public Defender of Berks County, Pa.
John Kramer, individually and in his official capacity as Sheriff of Berks County, Pa.
Mr. Kantnar, individually and in his official capacity as Deputy Sheriff for Berks County, Pennsylvania
Merle R. Meckley, individually and in her official capacity as stenographer for the Berks County Court of Common Pleas
Dr. Ernest Reigh, individually and in his official capacity as member of the Community General Hospital of Reading, Pa.
G. Wesner, individually and in his official capacity as Judge of the Berks County Court of Common Pleas
Donald R. Dissinger, individually and in his official capacity as Clerk for the Berks County Court of Common Pleas of Reading, Pa.
James R. Hevelow, individually and in his official capacity as (former) Assistant District Attorney for Berks County, Pennsylvania
Michael Morrissey, individually and in his (former) position as District Attorney for Berks County, Pa.
Mr. Dougherty, individually and in his official capacity as Parole Agent for Berks County, Pa.
Mr. George Misler, individually and in his official capacity as parole and probation officer for Berks County, Pennsylvania
Mr. Marshall, individually and in his official capacity as institutional parole agent for Graterford Prison
Mr. Paul Bivens, individually and in his official capacity as parole agent for the Pa. Board of Probation and Parole at Graterford Prison
Mr. Jim Edline, individually and in his official capacity as parole agent for the Pa. Board and Probation in Graterford Prison, Pa.
Gary Fronheiser, individually and in his official capacity as Assistant Public Defender for Berks County, Pa.
John Doe, Head Person in any State or County facility housing John Pearson absent due process of law.
Civ. A. No. 80-3086.
United States District Court, E. D. Pennsylvania.
January 29, 1981.
*80 Harold Neely, pro se.
Barton L. Post, Philadelphia, Pa., for defendant Reigh.
David A. Binder, Reading, Pa., for defendants.

MEMORANDUM
LUONGO, District Judge.
Plaintiff in this pro se civil rights action is a state prisoner. The gist of his complaint is that during the course of his prosecution and subsequent imprisonment on state criminal charges his civil rights were violated at several stages in the criminal justice system. Accordingly, he has named as defendants virtually every participant in the criminal justice system who had contact with his case, ranging from the court stenographer who transcribed proceedings to a clerk typist at the Pennsylvania Board of Probation and Parole. On various legal theories, all of the defendants move to dismiss the complaint.

1. Motion of Defendant Reigh

Defendant Ernest Reigh, M.D., moves to dismiss the complaint against him or in the alternative to quash service of process because he was not personally served with process in accordance with Rule 4(d), F.R.Civ.P. When service of process is challenged by a defendant, the burden rests with the plaintiff to establish that service was properly made. Adams v. American Bar Association, 400 F.Supp. 219, 222 (E.D. Pa.1975).
The marshal's return of service reflects that the complaint was served on an individual other than Dr. Reigh at Community General Hospital, 145 N. 6th Street, Reading, Pennsylvania. Dr. Reigh alleges in his affidavit, without contradiction by Neely, that he does not maintain an office at the hospital and has not authorized an agent there to accept service of process. Rule 4(d) provides that service must be made on the defendant personally, by leaving copies at his "dwelling house or usual place of abode," or by delivering a copy of the summons and complaint to an agent appointed to receive process. Plainly service was not made personally or upon an agent, and neither can it be said to have been made at Reigh's usual place of abode. In Cohen v. City of Miami, 54 F.R.D. 274, 278 (S.D.Fla.1972), the defendant doctor was served by leaving a copy of the summons and complaint with a secretary in the doctor's office at the city's medical center. The court held that such service was "patently inadequate" to meet the requirement of Rule 4(d) that service be made at the defendant's "usual place of abode," in that "usual place of abode" connotes personal residence, and not office. See 2 Moore, Federal Practice, ¶ 4.11[3], p. 4-125. Here, Reigh's contention that service was inadequate *81 is even stronger, because he does not even maintain an office at the hospital where the summons and complaint were served.
Accordingly, the service of process against Reigh will be quashed.

2. Motion of Defendant Wesner

Defendant Grant E. Wesner, a judge of the Court of Common Pleas, 23rd Judicial District, Berks County, Pennsylvania, moves to dismiss the complaint against him on the ground that he is entitled to the defense of judicial immunity. It is clear from the complaint that Neely seeks to hold Wesner liable for actions he took in the course of his judicial duties, namely the denial of various motions and writs submitted by Neely during the course of the criminal proceedings against him. It is axiomatic that judges are immune from liability for damages for actions taken within the scope of their judicial duties. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Accordingly, to the extent that Neely seeks damages from Wesner, he has failed to state a claim on which relief can be granted. Moreover, although Neely's complaint also contains a prayer for equitable relief, see Conover v. Montemuro, 477 F.2d 1073, 1093 (3d Cir. 1973), it appears that this request is directed at defendants other than Wesner.
Wesner's motion to dismiss for failure to state a claim on which relief can be granted will be granted.

3. Motion of Defendants Marshall, Bivens and Edline

Defendants Marshall, Bivens and Edline are employees of the Pennsylvania Board of Probation and Parole whom Neely alleges "maliciously" delayed his release on parole. They move to dismiss the complaint on the ground that it fails to set forth specific facts in support of this conclusory allegation, and move for summary judgment on the ground that they are entitled to qualified immunity in discharging their duties, and there is no material issue of fact with respect to their good faith in processing Neely's parole.
With respect to the motion to dismiss, it is settled law in this circuit that the plaintiff in a civil rights action must plead facts with specificity, and conclusory allegations that the plaintiff was deprived of civil rights will not suffice. Rotolo v. Boro of Charleroi, 532 F.2d 920 (3d Cir. 1976); Negrich v. Hohn, 379 F.2d 213 (3d Cir. 1967). The complaint "must state facts in support of its conclusions," Negrich, 379 F.2d at 215, and state "when, where, and how" the plaintiff's rights were violated. Rotolo, 532 F.2d at 923.
Defendants are correct that in the complaint itself, Neely sets forth no facts supporting his contention that the defendants denied his rights. Among other things, the complaint does not allege that the parole board had declared him eligible, whether he had met the administrative requirements for release even if he were eligible, or how these three defendants, one of whom is merely a clerk typist, effectively prevented his release or denied his rights. In Neely's response to defendants' motion, he again fails to make specific allegations and makes new, equally broad allegations that the defendants conspired with county officials to keep him imprisoned, and delayed his release by orchestrating administrative delays. The exhibits which Neely attached to his response in support of these allegations reflect that a detainer had been lodged against him by Berks County officials on other charges, and that Neely was having difficulty meeting the parole board's requirements that he arrange alcohol therapy, a job, and a place to live before release. By attaching these exhibits Neely has provided more detail about the events which are the basis for his suit, but this detail does not lend any support to his broad allegations of an unlawful conspiracy by the defendants to deny him release. (If anything, these exhibits suggest that defendants did not conspire against Neely.) I am therefore compelled to agree with defendants that Neely's complaint against them must be dismissed for failure to meet the threshold pleading requirements for a civil rights action.
Even if Neely had stated a claim upon which relief can be granted, defendants *82 would be entitled to summary judgment because of their qualified good faith immunity. Where employees of the parole board engage in duties which are administrative rather than adjudicative in nature, they are entitled to qualified good faith immunity from suit for their actions. Thompson v. Burke, 556 F.2d 231 (3d Cir. 1977). The standard for good faith immunity was set forth by the Supreme Court in Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). Administrative officials have immunity for "actions taken in the good-faith fulfillment of their responsibilities and within the bounds of reason under all the circumstances." 420 U.S. at 321, 95 S.Ct. at 1000. An official is acting in good faith if he acts "sincerely and with a belief that he is doing right." Id.
All of the defendants are administrative employees of the Pennsylvania Board of Probation and Parole whose responsibility it is to work out the details of a prisoner's parole plan once parole has been granted by the Board. All three have stated in affidavits that although Neely was granted parole by the Board in October, 1979, it was not until June 7, 1980, that Neely finally submitted a plan acceptable to the Berks County District Parole Office, the area to which Neely was to be paroled. All three have sworn that they bore Neely no malice, and did not obstruct or delay his release. Neely has not controverted these statements with a countervailing affidavit as required by Rule 56(e), F.R.Civ.P. Therefore I conclude that even if Neely had stated a cause of action against defendants Marshall, Bivens, and Edline, they are entitled to summary judgment under the doctrine of good faith immunity.

4. Motion of Defendants Eshelman, Rearden, Ochs, Kramer, Kantnar Meckley, Dissinger, Hevelow, Morrissey, Dougherty, Misler, and Fronheiser

The remaining defendants also move to dismiss the complaint for failure to state a claim on which relief can be granted on the ground that Neely's allegations against them are wholly conclusory and unsupported by specific allegations describing the conduct by defendants which Neely contends resulted in a deprivation of his rights. As noted above, it is well-settled in this circuit that the plaintiff in a civil rights suit must allege specific facts in support of his contention that the defendants violated his rights. Rotolo, supra; Negrich, supra. Upon a reading of Neely's complaint, it is clear that it does not in any way meet the threshold pleading requirements for a civil rights action.
Neely's only allegation against defendant Fronheiser, a public defender in Berks County, Pennsylvania, is that Fronheiser submitted certain petitions and motions on Neely's behalf during criminal proceedings against Neely in Berks County.
Neely's only allegation against defendant David Eshelman, a former public defender in Berks County, is that after Neely's trial Eshelman entered private practice and refused to represent Neely on appeal except as a paying client.
Neely alleges that defendant Rearden, a former public defender in Berks County, withdrew as Neely's appellate counsel when he entered private practice. Neely further alleges Rearden then tried to "insinuate" himself in sentencing proceedings in an attempt to frustrate Neely's appeal, but makes no specific allegations as to what Rearden's conduct was, how it could have influenced his appeal, or in what way it constituted a violation of Neely's constitutional rights under color of law.
Neely's allegation against defendant Meckley, a court stenographer in the Berks County Court of Common Pleas, is that she refused to keep court records and to supply Neely with transcripts he requested. Neely does not allege when or in reference to what proceeding Meckley failed to keep records, whether he requested Meckley to supply transcripts to him, and whether he tendered the fees for the transcript or sought a court order directing that he be provided free copies.
Neely's allegation against defendant Dissinger, Clerk of Court for Berks County, is that Dissinger failed to keep Neely apprised of various court proceedings involving Neely. Again, Neely alleges no specific instances *83 of conduct and fails to allege in what way Dissinger's conduct constituted a deprivation of rights.
Neely's sole allegation against defendant Hevelow, assistant district attorney for Berks County, is simply a conclusory statement that Hevelow conspired to deprive Neely of liberty.
Neely makes no factual allegations against defendants Morrissey, Dougherty, Misler, Kramer, Kantnar and Ochs, but simply names them as defendants.
As noted above, vague and conclusory allegations of the kind made by Neely in his complaint are unacceptable under the standard set forth in Rotolo and Negrich. Accordingly, defendants' motion to dismiss for failure to state a claim upon which relief can be granted will be granted, with leave, however, to plaintiff to file a more specific complaint within forty-five (45) days of the filing of this memorandum.