Wordsworth Academy, Petitioner v. Judith Gaugler et al., Respondents.

Argued September 13, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and MAC-PHAIL, sitting as a panel of three.

*Thomas F. Oeste,* with him *James J. Garrity, Wisler, Pearlstine, Talone, Craig & Garrity,* for petitioner.

*Sylvia Meek,* for respondent, Judith Gaugler.

*Wayne M. Richardson,* Regional Legal Counsel, for respondent, Robert Scanlon, Secretary of Education.

*Jon S. Malsnee, Edelman, O'Pake, Malsnee & Orwig,* for respondent, Exeter School District.

OPINION BY JUDGE MACPHAIL, December 23, 1982:

It appears from the pleadings in this case that Wordsworth Academy (Academy) brought a suit in assumpsit in the Court of Common Pleas of Berks County against Judith Gaugler to collect charges for services rendered to Mrs. Gaugler's son, an exceptional child, for the period from the fall of 1976 until the spring of 1978. Subsequently Mrs. Gaugler joined in the action the Secretary of Education (Secretary), the Department of Education (Department) and the Superintendent of Exeter School District (School District) (collectively Additional Defendants) as Additional Defendants alleging, *inter alia,* that they and not she were liable to the Academy for charges assessed for the period from September 1976 to December 1977.

Preliminary objections were filed by all Additional Defendants. The trial court sustained the objection of the Secretary and the Department to the jurisdiction of the Court of Common Pleas and transferred this case in its entirety to this Court pursuant to the provisions of Section 5103 of the Judicial Code, 42 Pa. C. S. §5103.

After the case was transferred, the Secretary filed a new set of preliminary objections to which no objection was filed by Mrs. Gaugler. While we believe it would have been more proper for us to address the

objections as they appeared in the case at the time it was transferred to us, we will proceed to rule upon the Secretary's objections filed in this Court since there is no substantial difference between those and the ones filed in the trial court. The School District briefed for us the preliminary objections it had filed in the trial court. A demurrer is included in those objections.

The demurrers filed by the Additional Defendants assert that Mrs. Gaugler has failed to state a cause of action against them because her complaint nowhere avers that the Commonwealth and/or the School District had ever contracted with the Academy to pay the child's expenses nor does the complaint aver that Mrs. Gaugler's administrative proceedings before the Secretary to obtain approval under Section 1376 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §13-1376 for the payment by the Commonwealth and the School District of the costs of her son's placement were successful. In fact, Mrs. Gaugler's complaint states that in October, 1977, the Secretary overruled a decision of the hearing officer approving such payment. It is not averred in the complaint of Mrs. Gaugler that any appeal was ever taken from that decision. The Secretary argues, consequently, that there is no basis for liability of the Commonwealth solely, jointly, or over to Mrs. Gaugler or the Academy.

Mrs. Gaugler argues that inasmuch as a hearing examiner had ordered that the costs of her son's placement be paid by the Department and the School District, she was entitled to rely upon that decision and that she was, therefore, not personally obligated until thirty (30) days after the Secretary's order reversing the hearing examiner. Additionally, she says the Secretary's delay in ruling upon the excep-

tions to the examiner's decision entitles her to relief.

Two cases are cited by Mrs. Gaugler in support of the latter contention. *Fitz v. Intermediate Unit No. 29*, 43 Pa. Commonwealth Ct. 370, 403 A.2d 138 (1979) and *Krawitz v. Department of Education*, 48 Pa. Commonwealth Ct. 155, 408 A.2d 1202 (1979). Neither case is helpful to her cause. In *Fitz* we held that there was no legal requirement that the Secretary render a decision within any strict time limitations. In *Krawitz*, the parents of a handicapped child in an approved placement found that their child had outgrown that placement and were advised by the School District of various alternatives, none of which were acceptable to the parents. The parents requested a hearing before a representative of the Department but none was afforded them because they had not executed the proper form. Fourteen months after they made their hearing request and after they had already placed their child in an out of state facility, the parents were granted a hearing which resulted in reimbursement being disapproved. We held that the delay *in having the hearing* was unconscionable and directed that reimbursement be made. In the instant case, the parent complains of a 7 month delay between the hearing examiner's decision in March, 1977 and the Secretary's action in October, 1977. The distinction between the two cases is that in *Krawitz* the parents' complaint is that they were given no hearing for 14 months. In the instant case, the complaint is that there was a seven month delay between the examiner's decision and the action of the Secretary. While 7 months between the examiner's recommendation and the Secretary's action may seem unduly long to an anxious litigant, we are well aware that such matters do take time and hold that in this

case the delay did not violate the child's or the parent's constitutional rights.

In support of her first argument, Mrs. Gaugler contends that she had no reason to know that the hearing officer's order was not final and, conversely, that the hearing officer's "recommendation" imposed a financial obligation upon the Department and the School District. This, she says in her brief, is because the regulations adopted by the Department declare to be appropriate a program ordered by a hearing officer.[1] Of course, the hearing officer's order cannot be enforced where a timely appeal is taken to and subsequently sustained by the Secretary.

Mrs. Gaugler also says that the "custom" at the time of the events here in litigation was for the Department to make payments pursuant to the hearing examiner's recommendation and for thirty (30) days after the Secretary's decision. She says that the Commissioner of Basic Education "recognized" this policy. While we must accept as true all factual allegations in the complaint for the purpose of disposing of the preliminary objections now before us, we are bound by the law as set forth in Section 1376 of the Code which is explicit that it is only where a child is enrolled "with the approval of the Department of Education" that the Department and School District become liable for the expense of education. Thus, any "recognition" by the Commissioner of Basic Education of a contrary practice, assuming that such

---

[1] 22 Pa. Code §13.1 provides in pertinent part:

*Appropriate Program*—A program of education or training for exceptional school-aged persons which meets their individual needs as agreed to by a parent, school district, or intermediate unit personnel; or as ordered by a hearing officer; or upon appeal as ordered by the Secretary of Education.

could be proven, would be irrelevant. We have already considered and rejected Mrs. Gaugler's argument that the Secretary's alleged delay gives Mrs. Gaugler any legal rights.[2]

Finally, we are of the opinion that Mrs. Gaugler's complaint cannot be amended to state a cause of action against the Additional Defendants. We will, accordingly, sustain the demurrer[3] and dismiss the complaint against the Additional Defendants.[4]

## ORDER

The preliminary objections of the Secretary of Education, the Department of Education and the Superintendent of the Exeter School District in the nature of a demurrer, are sustained. The complaint of Judith Gaugler against the Additional Defendants is dismissed. It is ordered that the case be transferred to the Court of Common Pleas of Berks County for further proceedings.

---

[2] Of course, the Secretary of Education would have no personal liability in any event.

[3] It is unnecessary for us to address the preliminary objection raising the issue of jurisdiction.

[4] Although there is authority for us to treat original actions as administrative appeals under certain circumstances, 42 Pa. C. S. §708(c), here, Mrs. Gaugler's brief states that she does *not* seek to have the correctness of the Secretary's adjudication determined but only to have us decide what her obligation to the Academy is.

---

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

I am concerned about the potentially far-reaching implications of this opinion on the educational process for handicapped children. While recognizing that a parent must not be allowed to "twist the arm" of the Department of Education (Department) by enrolling a child in an expensive private school and

then demanding that the Department pay for that education, nevertheless, 22 Pa. Code §13.11(a) *clearly* provides that all handicapped school-aged persons identified shall be provided with an *appropriate* program of education or training, or both.

We are, of course, greatly handicapped by the meager factual information on the record in this case. For example, we do not know exactly *when* Mrs. Gaugler requested the approval of the school. Nor do we know whether or not she did give the school district and the intermediate unit any opportunity to provide an appropriate education for her son *before* she placed him in Wordsworth. Yet, 22 Pa. Code §13.11(b) provides that the services of approved private schools may be used when intermediate unit and school district boards agree that they cannot provide services effectively for handicapped school-aged persons.

Also, we need to know the length of time between the filing of the request for approval and the rendering of a decision by the Department; however, because we do *not* know when the request was submitted, we have no way of determining whether or not the delay was unreasonably long.

Keeping in mind, however, that the school district has a duty and an obligation to provide Mrs. Gaugler's son with an appropriate program of education, I believe it is possible that the Department's delay in rendering a decision until well into the next school year, could unduly harm and prejudice the child's educational program, and could serve to obligate the Department to pay for *at least* the initial part of the 1977-1978 school year.

I would further note that *Krawitz* is *not* factually distinguishable from this case and in *Krawitz* we held that a fourteen-month delay in providing a hear-

ing was not without consequence to the educational program of the child, and ordered reimbursement for the first full year in an *unapproved* out-of-state school. By this decision, it seems to me that we may be allowing the school district to shirk its duty to educate James for up to an entire *year*. And a year is a very substantial time period in the educational program of *any* child—perhaps even more significant in the case of an exceptional child!

Whether or not the school district *did* shirk its responsibility is a consideration which, I believe, must be determined before we reach any decision as to whether or not the Department is liable for this child's bills at Wordsworth. Additional facts, however, are needed to make such a determination.

I believe that it would be premature to sustain the Preliminary Objections of the Additional Defendants without more information, and I would overrule them.